## Georgia Casualty Company v. Buckhorn Coal & Lumber Company.

### (Decided November 18, 1924.)

### Appeal from Clark Circuit Court.

Pleading—Granting Motion to Make Declaration More Specific Held Error.—In action by employer's liability insurer, to recover premium based on salaries paid, where declaration disclosed several working places and total pay roll, held that court erred in sustaining demurrer and granting motion to make petition more certain, by showing amount of pay roll at each place; matter being peculiarly within defendant's knowledge.

HAYS & HAYS for appellant.

B. R. JOUETT for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On September 30, 1920, the Georgia Casualty Company issued to the Buckhorn Coal and Lumber Company a policy insuring the latter against loss or damage on account of personal injuries sustained by any of its employes, including death resulting therefrom. It was provided in paragraph 6 of the policy that the agreement should apply to such injuries so sustained by reason of the business operations described in said declaration which, for the purpose of the insurance, should include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations were conducted at the work places defined and described in said declarations or elsewhere in connection with, or in relation to, said places. It was further provided in clause A of conditions that the premium was based on the entire remuneration earned during the policy period by all employes engaged in the business operations described in said declaration, together with all operations necessary, incident or appurtenant thereto, or connected therewith, whether conducted at such work places or elsewhere in connection therewith, or in relation thereto. It was also provided in the same clause that at the end of the policy period the actual amount of the remuneration earned by the employes should be exhibited to the insurance company as provided in condition C, and the earned premium adjusted in accordance therewith at the rates and under the conditions therein specified.

The declaration fixed the location of the working places of the assured covered by the policy at Athol, White Ash, and West Irvine, and specified the operation as "Logging and lumbering, including tie hoist and transportation of logs to mill, but excluding operation of 'logging railroads' (no mill operations), pay roll to include drivers, chauffeurs and their helpers.

The premium rate was $5.89 on each $100.00 of pay roll. The initial premium of $235.60, which was based on an estimated pay roll of $4,000.00, was paid in advance.

After setting forth the various provisions of the policy, the petition alleged that the defendant, excluding the operation of logging railroad and mill operation during the time the policy was in force, had paid to its em-

ployes, drivers, chauffeurs, and their helpers, $63,515.63 remuneration; that 5.89 thereof amounted to $3,741.06 which the defendant agreed and promised to pay plaintiff at the expiration of the policy, but had paid no part thereof except $235.60. Plaintiff then asked judgment for the balance of $3,505.46 with interest. On motion of defendant, plaintiff was required to file the declaration and also the pay roll report, which after specifying Athol, White Ash and West Irvine as the places where the work was carried on, is as follows:

| Compensation Earned by all Employees. | Rate | Premium |
|---|---|---|
| $8,652.71 | $5.89 | $509.64 |
| Extra Labor | | |
| 54,862.92 | 5.89 | 3,230.42 |
| Total ............$63,515.63 | | $3,740.06 |

The defendant then moved the court to require plaintiff to make the petition more specific and definite by showing the amount of pay roll paid to defendant's employes for wages at Athol, White Ash and West Irvine, and without waiving that motion filed a general demurrer. Upon the filing of the pay roll report the defendant by counsel stated in open court that prior to the institution of the action he had tendered to plaintiff his check for $274.04, being the additional premium due upon the said policy for the difference between the estimated pay roll of $4,000.00 made when the policy was issued and the actual pay roll of $8,652.71 expended at Athol, White Ash and West Irvine, but plaintiff declined to accept the sum so tendered. Thereupon the defendant offered to confess judgment in the sum of $274.04 and counsel for plaintiff declined to accept the offer. At the following December term the court sustained the demurrer and defendant's motion to require plaintiff to make the petition more certain, and plaintiff having declined to plead further, judgment was rendered in its favor for $274.04 and interest and the petition was dismissed in so far as it sought a recovery of any additional sum. From that judgment this appeal is prosecuted.

The argument in support of the court's ruling may be summed up as follows: When the declaration disclosed that the working places covered by the policy were Athol,

White Ash and West Irvine, it was incumbent upon appellant to plead specifically and definitely the amount of pay roll expended upon the work at each of those places, or in connection therewith. Hence, the motion to make more specific was properly sustained. Appellee's only compliance with the order was the filing of the pay roll report. The only construction of which this report is susceptible is that the sum of $8,652.71 was expended upon the work done at those places and in connection therewith, and the balance of $54,862.92 was the pay roll for work done elsewhere. Therefore, the court properly held that the premium should be based upon $8,652.71, and should not include the $54,862.92.

The premium was based on the entire remuneration earned during the policy period by all employes engaged in the business operations described in the declaration, together with all operations necessary, incident or appurtenant thereto, or connected therewith, whether conducted at such places or elsewhere in connection therewith, or in relation thereto. The petition appropriately alleged that the entire remuneration of all employes, excluding those not covered by the policy, was $63,515.63. Having appraised the assured of the entire remuneration as the basis for a recovery of additional premium, the court should not have placed on appellant the burden of specifying the amount of pay roll at each of the three places, Athol, White Ash and West Irvine, especially in view of the fact that the information sought was peculiarly within the knowledge of the assured. Not only so, but we find no basis for the conclusion that the item of $8,652.71 set forth in the pay roll report is for compensation earned by employes covered by the policy, while the item of $54,862.92 is for compensation paid to employes engaged in business operations not covered by the policy. The report was made in conformity with the policy. The declaration fixed the location of the working places at Athol, White Ash and West Irvine, and declared that the insured was conducting no business other that that therein disclosed. The pay roll report gives the compensation of all employes earned at those places. Therefore, the two items stand on precisely the same plane, and no distinction between the two can be made. Of course, the report is not conclusive, and if it be true that any portion of the remuneration therein set forth

was paid to employes engaged in work not covered by the policy, that fact may be pleaded and proved. In the absence of the facts we express no opinion as to the construction of the policy.

It follows that both the motion to make the petition more specific, and the demurrer thereto, should have been overruled.

Judgment reversed and cause remanded for proceedings consistent with this opinion.